UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RENE FEVRY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Case No. 5:26-cv-06840 ADS<br><br>ORDER GRANTING PETITION |

## I. THE PETITION

Petitioner Jean Rene Fevry filed the instant Petition on November 13, 2026. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States near the San Diego Port of Entry in 2019. [Dkt. No. 1 ¶ 1.] Petitioner alleges that he was detained by immigration officials and then released on recognizance ("OREC"). [Id. ¶¶ 1-2.] Petitioner alleges he subsequently filed a timely asylum application and received employment authorization. [Id. ¶¶ 3-4.] Petitioner alleges that he paid federal taxes

and continued to update Respondents of his status and address. [Id. ¶¶ 4-6.] Petitioner alleges that he has no criminal history in the United States. [Id. ¶ 7.]

On September 23, 2026, Petitioner was arrested by immigration officials as he was driving home from work. [Id. ¶ 9.] Petitioner alleges that he was never presented with a warrant and did not receive any advance notice or a hearing prior to his arrest. [Id. ¶ 9.] Petitioner remains in immigration detention. [Id. ¶ 10.]

Petitioner seeks habeas relief from immigration detention. Petitioner alleges the following grounds for relief: (1) a procedural due process violation due to the lack of notice or a hearing prior to re-detention and (2) an unlawful arrest under applicable statutes and regulations. [Id. ¶¶ 34-41.] Petitioner requests immediate release from immigration custody and an injunction preventing his re-detention without pre-deprivation notice and a hearing. [Dkt. No. 1 at 10.]

## II. PROCEDURAL HISTORY

On November 15, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 6.] No responsive pleading was filed. To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on

parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Petitioner claims that his due process rights have been violated because he failed to receive notice or a hearing prior to his re-detention. [Dkt. No. 1 at 9.] Petitioner was previously released by immigration officials on OREC. [Id. ¶¶ 1-2.] Petitioner alleges he subsequently filed a timely asylum application and received employment authorization. [Id. ¶¶ 3-4.] Petitioner paid federal taxes and continued to update Respondents of his status and address. [Id. ¶¶ 4-6.] Petitioner alleges that he has no criminal history in the United States. [Id. ¶ 7.] Petitioner did not receive any advance notice or a hearing prior to her arrest. [Id. ¶ 9.]

Respondents have not appeared to defend this case. Therefore, Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release. Respondents'

failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[1][2] However, to the extent Petitioner seeks an injunction against future detention without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.").

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Petitioner Jean Rene Fevry (A# 203-607-926) must be immediately released from immigration detention; and

3. Judgment shall be entered accordingly.

DATED: November 25, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

---

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.